UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALTON THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15-cv-9184 ) |
| ADVOCATE SOUTH SUBURBAN HOSPITAL, | ) Judge Sharon Johnson Coleman ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Alton Thompson filed a third amended complaint against Advocate South Suburban Hospital ("Advocate") alleging it violated the Fair Credit Reporting Act ("FCRA"). Advocate moves to dismiss, arguing Thompson has not alleged that any credit reporting agency ("CRA") notified Advocate about the alleged debt dispute, a necessary element of an FCRA claim against it as a furnisher of credit information. The Court grants the motion.

**Background**

*Procedural History*

Thompson originally brought suit against Advocate and Illinois Collection Service, Inc. ("ICS") under the Fair Debt Collection Practices Act. (Dkt. 9-1.) In his first amended complaint, Thompson changed his claim against Advocate to a claim under the FCRA. (Dkt. 13.)[1] Thompson then filed a second amended complaint, styling his claims against Advocate as common law negligence claims, and sought to remand his case back to state court. (Dkts. 27-28.) The Court dismissed that complaint and denied remand, finding that the common law claims were preempted by the FCRA. (Dkt. 32.) The Court granted Thompson one final opportunity to attempt to state a claim against Advocate. Thompson filed his third amended complaint on May 16, 2016 and Advocate filed its

---
[1] Thompson thereafter settled with ICS. (Dkt. 25.)

motion to dismiss on June 16, 2016. (Dkts. 33, 36.) Oral argument on Advocate's motion was held on August 2, 2016.

*Factual History*

The factual allegations in the complaint are as follows. Thompson received medical treatment at Advocate in April 2014. (Dkt. 33 at 1.)Thereafter he was contacted by their billing department regarding unpaid medical bills and provided it with his insurance information. (*Id.*) His insurer paid the bill and Thompson paid his co-pay. (*Id.*) Nonetheless, Advocate reported to Experian, a CRA, that Thompson was delinquent on his medical bill. (*Id.*) In December, Thompson was contacted by ICS about an unpaid hospital bill for $414.00. (*Id.* at 2.) Thompson disputed the debt. (*Id.*) Thompson then contacted Advocate and informed it of the ICS call. (*Id.*) During this conversation it was discovered that Advocate had the wrong address for Thompson. (*Id.*) Advocate told Thompson it would verify the amount of the debt and send a new bill to the correct address. (*Id.*) Thompson received a second call from ICS and again disputed the debt. (*Id.*) In March 2015, Thompson applied for a loan and during that process learned that his alleged debt to Advocate was appearing on his credit report. (*Id.*) He again contacted Advocate and ICS and for the first time TransUnion (another CRA) to attempt to resolve the issue. (*Id.*) However, the loan approval was withdrawn before Thompson could get the debt removed from his credit file. (*Id.* at 4.)

**Legal Standard**

A complaint will survive a motion to dismiss under Rule 12(b)(6) if its well-pleaded facts when accepted as true and viewed in the light most favorable to the plaintiff state a plausible claim for which relief can be granted. *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**Discussion**

Thompson's complaint contains one count under 15 U.S.C. §1681s-2. Advocate argues that there is no private right of action under §1681s-2(a) and that a claim under §1681s-2(b) fails because the complaint does not allege that a CRA notified Advocate that Thompson disputed his debt. Advocate is correct about both its assertions.

After a series of factual allegations, Thompson's complaint outlines the duties of persons who furnish credit information to credit reporting agencies ("furnishers") and explains how Advocate violated those duties. The general duties of furnishers are found in §1681s-2(a), enforcement of which is limited to certain government officials and for which there is no private right of action. 15 U.S.C. §1681s-2(c)-(d). *See also Purcell v. Bank of Am.,* 659 F.3d 622, 623 (7th Cir. 2011). However, individuals may bring suit for negligent or willful noncompliance of §1681s-2(b) ("subsection b"). 15 USC §§ 1681n, 1681o. Subection b outlines the duties of furnishers upon having received notice of a dispute pursuant to §1681i(a)(2) ("the notice provision"). The notice provision requires any CRA that has received notice of a dispute as to the accuracy of any information in an individual's credit report to notify the furnisher who provided the allegedly inaccurate information within 5 business days. 15 USC §1681i(a)(2)(A). Thus, a furnisher's duties under subsection b are not triggered until it is contacted by a CRA and told the information it provided is disputed.

In a non-precedential opinion, the Seventh Circuit held that a plaintiff is not required to allege that a CRA notified the defendant of the dispute in order to state a claim under subsection b. *Lang v. TCF Nat. Bank*, 249 F. App'x 464, 467 (7th Cir. 2007). Nonetheless, courts in this district, even after *Lang*, almost uniformly hold that subsection b claims require such an allegation. *See Neiman v. Chase Bank, USA, N.A.*, No. 13 C 8944, 2014 WL 3705345, at *7 (N.D. Ill. July 25, 2014) (Holderman, J.); *Rideaux v. Travelers Ins. Co.*, No. 12 C 2592, 2013 WL 3354462, at *5 (N.D. Ill. July 1, 2013)(Gettleman, J.); *Pichugin v. Experian Info. Sols., Inc.*, No. 11 CV 04375, 2012 WL 527529, at *3

3

(N.D. Ill. Feb. 15, 2012) (Coleman, J.); *Gulley v. Pierce & Associates*, No. 10 C 573, 2010 WL 5060257, at *4 (N.D. Ill. Dec. 6, 2010) (Kennelly, J.). The holding in *Lang* rests on the questionable premise that a consumer will not be able to ascertain whether a CRA notified the furnisher prior to filing suit. *See Nieman*, 2014 WL 3705345 at *7 (noting that 15 U.S.C. §1681i(a)(6)(A) provides a mechanism for consumers to receive the name and address of any furnisher contacted by a CRA during investigation of a disputed debt). This Court finds *Nieman* and its predecessors persuasive and absent binding law from the Seventh Circuit will continue to require that plaintiffs allege notification to the furnisher by a CRA in order to state a claim under subsection b.

Thompson's complaint contains no allegation that any CRA notified Advocate that he disputed his debt. He argues that because the complaint alleges that he contacted TransUnion, an inference that TransUnion then contacted Advocate as it was required to do under the law is allowed. However, Thompson's lone allegation that he disputed the debt to TransUnion, without more, is not enough to permit the inference that TransUnion did what it was legally obligated to do. At oral argument, Thompson raised for the first time the argument that Advocate should be liable for the conduct of ICS based on a principal-agent relationship between the two entities. However, the complaint contains no allegation that a CRA notified ICS of the debt dispute either. Accordingly, Thompson's claim fails.

Finally, Thompson argues that Advocate's motion to dismiss should be disregarded as untimely because it was filed more than 21 days after the complaint was filed. At oral argument there was some discussion that perhaps the proper deadline is found in Rule 15(a)(3), which provides that a responsive pleading to an amended complaint must be filed within 14 days. However, pleadings are a different type of document than motions. Fed. R. Civ. P. 7. The Seventh Circuit recently clarified that under the plain language of Rule 12(b), a motion asserting a 12(b) defense may be filed at any time before a responsive pleading has been filed. *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904,

905 (7th Cir. 2016). Here, Advocate filed their motion to dismiss before filing an answer to the third amended complaint. Pursuant to *Hedeen*, the Court therefore rejects Thompson's timeliness argument.

As acknowledged by Advocate at oral argument, the denial of Thompson's loan because of an inaccurate credit report was unfortunate and unfair. It may be that Advocate could have worked more quickly and proficiently to correct its records and avoid such a result. Nonetheless, the statute under which Thompson seeks to assert his claim limits private rights of action against furnishers to situations where the furnisher is notified of the debt dispute by a CRA. Because there is no allegation that Advocate received such notice, Thompson's claim fails. Given that this is Thompson's third amended complaint, it is appropriate to dismiss the complaint with prejudice. *See Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (a court may deny leave to re-plead a claim where the plaintiff has demonstrated "repeated failure to cure deficiencies by amendments previously allowed"). The court therefore grants Advocate's motion to dismiss [36] with prejudice.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: August 23, 2016